IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREW JACKSON,      ) | |
|     ID #621203                   ) | |
|         Plaintiff,               ) | |
| vs.                                            ) | No. 3:13-CV-1941-M-BH |
|                            ) | |
| GARY FITZSIMMONS, Dallas County ) | |
| District Clerk,                             ) | |
|         Defendant.           ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this *pro se* prisoner case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED**.

**I.  BACKGROUND**

Plaintiff Andrew Jackson (Paintiff) sues Gary Fitzsimmons, Dallas County District Clerk (Defendant), under 42 U.S.C. § 1983 for alleged violation of his constitutional rights. He asserts that Defendant has committed forgery, fraud and has denied him due process of law and access to the courts. On October 1, 2012, he requested certified copies of his arrest warrants in his prior criminal case, and these certified copies reflect that the dates on the arrest warrants were "intentionally, deliberately, and fraudulently altered." (Compl. at 7). A police official allegedly notified the Dallas court system that there was a missing signature on the arrest warrant, resulting in the altered documents, and this has prevented Plaintiff from seeking habeas corpus relief. *Id*. He seeks actual and punitive damages. *Id*. at 6. No process has been issued in this case pending screening.

**II.  PRELIMINARY SCREENING**

Plaintiff is an inmate in the Texas prison system. As a prisoner seeking redress from an

officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Plaintiff sues the Dallas County Clerk, asserting that someone in his office altered the arrest warrants from his criminal case at the direction of an unnamed police official. Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of

2

vicarious or respondeat superior liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.* A plaintiff cannot make generalized allegations. *Howard v. Fortenberry,* 723 F.2d 1206 (5th Cir.1984).

Plaintiff has made only a generalized allegation that an unnamed individual altered documents. He does not plead any facts to support a claim that Defendant was personally involved in altering these documents. To the extent that he sues him in his supervisory position, Plaintiff has not alleged facts to support a claim that Defendant was deliberately indifferent to a violation of Plaintiff's constitutional rights. Plaintiff's complaint should therefore be dismissed. *See Althouse v. Dallas Cty Dist. Clerk*, 2002 WL 255478, *2 (N.D. Tex. Feb. 20, 2002) (dismissing claims brought against the district clerk, based on his title, for failing to file state writs, where the plaintiff had failed to allege facts alleging that the clerk was either personally involved in any alleged violation of rights or could be held liable in his role as supervisor). [1]

---

[1] It also appears that Defendant may be immune from suit. Plaintiff sues the District Court Clerk because his office sent him the certified copies that he requested. Court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). A court clerk has absolute immunity when his actions are prescribed by court rules. *Florence v. Buchmeyer*, 500 F.Supp.2d 618, 643 (N.D. Tex. 2007). In addition, court clerks have qualified immunity for those routine duties that are not explicitly commanded by a court decree or by a judge's instructions. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). Because Plaintiff has not alleged that the court clerk's actions in forwarding certified copes to him were actions were not taken under court order, according to court rules, or at a judge's discretion, it appears that Fitzsimmons has absolute immunity for these actions. *See Small v. Dallas County Tex.*, 170 Fed. Appx. 943, 944 (5th Cir. April 10, 2006) (holding that the clerk of a state district court was entitled to

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 22nd day of July, 2013.**

                                                                    _____
                                                                    IRMA CARRILLO RAMIREZ
                                                                    UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                    _____
                                                                    IRMA CARRILLO RAMIREZ
                                                                    UNITED STATES MAGISTRATE JUDGE

---

absolute immunity absent allegation that any of his actions were not taken under court order or at judge's discretion).

[2]Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.