**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ANDREW JACKSON,** ) | |
|     **ID #621203** ) | |
|         **Plaintiff,** ) | |
| vs. ) | No. 3:13-CV-1941-M-BH |
| ) | |
| **GARY FITZSIMMONS, Dallas County** ) | |
| **District Clerk, et al,** ) | |
|         **Defendants.** ) | **Referred to U.S. Magistrate Judge** |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this *pro se* prisoner case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the claims in *Plaintiff's Amended Supplemental Complaint* should be **DISMISSED**, and *Plaintiff's Motion for Pendant [sic] Jurisdiction*, filed November 12, 2013 (doc. 20), should be **DENIED**.

**I. BACKGROUND**

On May 23, 2013, Plaintiff Andrew Jackson (Plaintiff) originally filed suit against Gary Fitzsimmons, Dallas County District Clerk (Clerk), under 42 U.S.C. § 1983 for alleged violation of his constitutional rights. He asserted that the Clerk committed forgery, fraud and denied him due process of law and access to the courts. (Doc. 3 at 5.)

After a trial before the court in Dallas County, Plaintiff was found guilty of aggravated sexual assault of a child and sexual assault in Cause Nos. F91-04916-WL and F92-02256-IL. On June 18, 1992, after two prior felony enhancement paragraphs were found to be true, Plaintiff was sentenced to life imprisonment in both cases. *See Jackson v. State*, 1994 WL 183420 (Tex. App.–Dallas May 9, 1994, pet. ref'd) (*see also* www.tdcj.state.tx.us, search for Plaintiff). His convictions were affirmed on direct appeal, *Jackson v. State*, slip op. at 4, and his petitions for discretionary review were refused by the Texas Court of Criminal Appeals. *See* PD-0691-94, PD-

0692-94. His state writs of habeas corpus challenging these two convictions were denied on their merits without court order on August 14, 2002. *See Ex parte Jackson*, WR-3576-13, WR-3576-14 (Tex. Crim. App. Aug. 14, 2002). Plaintiff then filed federal habeas petitions challenging these convictions, both of which were dismissed as barred by the statute of limitations. *See Jackson v. Cockrell*, Nos. 3:02-CV-1975-P, 3:02-CV-1976-P (N.D. Tex. Feb. 24, 2003).[1]

In late 2012 and early 2013, Plaintiff requested and received from the Clerk's Office certified copies of the arrest warrants issued in his criminal cases. (Doc. 3 at 6-7.) These certified copies allegedly reflected that the dates on the arrest warrants had been "intentionally, deliberately, and fraudulently altered" from June 4, 1991, to May 22, 1991; he has had a copy of the warrant since his June 1991 arrest that is dated June 4, 1991. (*Id.* at 7.) Plaintiff appears to claim that these documents were altered in order to cover up newly-discovered evidence that the officer who swore out the affidavit for the arrest warrant had forged the magistrate judge's signature "MARK" and the dates of signature so as to prevent him from seeking habeas corpus relief for false imprisonment. *Id.* Plaintiff submitted copies of both arrest warrants, each with different handwritten dates showing when the documents were signed by the magistrate. (*Id.* at 9-10, 12). On July 22, 2013, it was recommended that Plaintiff's claims against the Clerk be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b) because they were based solely on his supervisory role. (Doc. 15.)

On August 23, 2013, Plaintiff submitted an amended supplemental complaint conceding that the Clerk could not be held liable for the actions of his subordinates and naming Dallas County Deputy Clerk Preston Johnson (Deputy Clerk) as a defendant. (Doc. 18.) He sues the Deputy Clerk

---

[1] Plaintiff also moved for post-conviction DNA testing in the trial court. This motion was denied, and that denial was affirmed on direct appeal. *See Jackson v. State*, 2003 WL 22456339 (Tex. App.–Dallas, Oct. 30, 2003, pet. ref'd).

2

in his official and personal capacities for allegedly committing forgery by altering a government record without legal authorization. (*Id.* at 1-2.) Plaintiff contends that the alteration of this record deprived him of material evidence need to substantiate his claim of wrongful imprisonment and other claims that he intended to raise in habeas corpus proceedings. (*Id.* at 2.) In addition to the arrest warrants he submitted with his original complaint, Plaintiff also submitted a letter from P. Johnson stating that "the deputy clerk name who signed your document is Preston Johnson." (*Id.* at 4).

On November 12, 2013, Plaintiff filed his motion for pendent jurisdiction, seeking to have the Court exercise pendent jurisdiction over his alleged state law claims, including a tort action and a claim that the Deputy Clerk violated Texas State Penal Code Sections 32.21 and 37.10. (Doc. 20.) On November 22, 2013, Plaintiff submitted a copy of the affidavit in support of the arrest warrant, dated June 4, 1991. (doc. 21). No process has been issued in this case pending screening.[2]

## II. PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if

---

[2] Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading once as a matter of course within 21 days after serving it, and otherwise with either the opposing party's written consent or the court's leave. Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). Here, the *pro se* amended supplemental complaint is liberally construed as a motion for leave to amend the complaint to name the proper defendant. Because service has not yet been ordered and no defendant has appeared, there is no substantial reason to deny leave to amend, and the motion is **GRANTED**.

the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. SECTION 1983 CLAIMS

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.   Official Capacity**

Plaintiff sues Johnson in his official capacity. An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Hafer v. Melo*, 502 U.S. 21, 26–27 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Therefore, Plaintiff's official capacity claim against the Deputy Clerk is a claim against Dallas County

(County).

A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978).[3] The plaintiff must show an "underlying claim of a violation of rights" as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691–95. Section 1983 does not allow a municipality to be held vicariously liable for its officers' actions on a theory of respondeat superior. 42 U.S.C. § 1983*; see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691–95. Rather, the alleged "unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Here, Plaintiff does not allege that any policymaker or specific policy that was officially adopted and promulgated. He has therefore failed to state an official capacity claim against the Deputy Clerk for which relief may be granted, and it should be dismissed.

**B.     Individual Capacity**

Plaintiff also sues the Deputy Clerk in his personal capacity. Plaintiff's amended complaint asserts that the Deputy Clerk "committed forgery by altering a government record without legal authorization." (Doc. 18. at 1.)

---

[3] The municipal liability analysis also applies to Texas counties*. See Prince v. Curry*, No. 10-10294, 2011 WL 1659493, at * 3 n. 3 (5th Cir. Apr. 28, 2011); *Brady v. Fort Bend County*, 145 F.3d 691 (5th Cir. 1998).

**1.**   *Immunity*

Court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). A court clerk has absolute immunity when his actions are prescribed by court rules. *Florence v. Buchmeyer*, 500 F.Supp.2d 618, 643 (N.D. Tex. 2007). In addition, court clerks have qualified immunity for those routine duties that are not explicitly commanded by a court decree or by a judge's instructions. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001).

Here, Plaintiff has not alleged that the Deputy Clerk's actions in preparing, certifying and/or sending him certified copies of court documents were actions that were not taken under court order, according to court rules, or at a judge's discretion. The Deputy Clerk therefore has absolute immunity for these actions. *See Small v. Dallas County Tex.*, 170 Fed. Appx. 943, 944 (5th Cir. April 10, 2006) (holding that the clerk of a state district court was entitled to absolute immunity absent allegation that any of his actions were not taken under court order or at judge's discretion). He also has qualified immunity for routine duties such as preparing, certifying and/or forwarding certified copies of court documents. *See Burnett v. Denman*, 368 Fed. App'x 603, 604 (5th Cir. Mar. 8, 2010) (upholding the dismissal of a civil rights claim against a court clerk as frivolous pursuant to § 1915 on the basis of qualified immunity where the clerk performed the ministerial duty of informing the plaintiff that his suit had been dismissed). Because the Deputy Clerk has immunity for any claims arising from his duties, Plaintiff's claims against him should be dismissed.

**2.**   *Access to Courts*

Even assuming for purposes of screening that Plaintiff has alleged sufficient facts to state a claim that the Deputy Clerk's actions did not fall within the scope of his routine duties, Plaintiff's

claims against him are still subject to dismissal. Plaintiff claims that the Deputy Clerk's alteration of documents has deprived him of "material evidence" necessary to substantiate a claim of wrongful imprisonment that he intends to raise in a habeas corpus proceeding, impeded his access to the courts, and violated his due process rights. *Id*. These claims may be liberally construed as alleging a denial of access to court. *See Bryant v. Ruvin*, 477 Fed. App'x 605, 606-07 (11th Cir. May 18, 2012) (claim that state court clerks altered and/or fabricated official court documents and denied prisoner the right to challenge his conviction was analyzed as a denial of access to courts claim).

A prisoner does have the right of due process access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To succeed on a claimed denial of access to courts, however, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that, to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). This requires a plaintiff to allege, at a minimum, that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quotation omitted). A plaintiff must describe the claim well enough to establish that its "arguable nature ... is more than hope." *Id*. at 416 (internal quotation marks omitted).

Plaintiff has failed to allege how the alleged forgery of his arrest warrant has prevented him

7

from pursuing a non-frivolous claim challenging his convictions. He has already filed both state and federal habeas petitions challenging these convictions that were either denied on their merits or dismissed as time-barred. Plaintiff has failed to assert how a second copy of the arrest warrant with a different date prevents him from filing a non-frivolous state or federal habeas petition challenging his convictions that would overcome the bar on second, successive writs under state and federal law. *See* 28 U.S.C. § 2244(b); TEX. CODE. CRIM. PROC. Art. 11.07 § 4 (West 2013). He has failed to allege any actual injury and has therefore failed to state a claim that his constitutional right to access to the courts has been violated. Plaintiff's claims against the Deputy Clerk are also subject to dismissal for failure to state a claim upon which relief may be granted.

## IV. STATE LAW CLAIMS

In *Plaintiff's Motion for Pendant Jurisdiction*, Plaintiff asserts that he has alleged facts in his initial and amended complaint that support a tort action and criminal charges for forgery against the Deputy Clerk, and he seeks to have the Court exercise jurisdiction over these claims.[4] (*See* doc. 20).

Federal courts may exercise supplemental jurisdiction over state law claims in any civil action in which the court has original jurisdiction. 28 U.S.C. § 1367(a). However, whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When the Court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of

---

[4] To the extent that Plaintiff seeks to have criminal charges brought against the Deputy Clerk, there is no constitutional right to have someone criminally prosecuted, *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990), and a civil action does not permit a private party to enforce criminal statutes. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007).

8

pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). Because Plaintiff's federal claims are subject to dismissal as frivolous, any state law claims should be dismissed without prejudice to pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).[5] His motion seeking to have this Court exercise pendent jurisdiction over his state claims should be denied.[6]

## V. RECOMMENDATION

*Plaintiff's Amended Supplemental Complaint* should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[7] The Court should decline to exercise supplemental jurisdiction over his state law claims, and these claims should be **DISMISSED** without prejudice to Plaintiff pursuing them in state court. *Plaintiff's Motion for Pendant Jurisdiction*, filed November 12, 2013 (doc. 20), should be **DENIED**.

---

[5] The state statute of limitations on Plaintiff's state tort claim is tolled while his state claim is pending in federal court and for a period of thirty days after dismissal, unless state law provides for a longer tolling period. *See* 28 U.S.C. § 1367(d). Under Texas state law, the applicable statute of limitations on a claim is tolled between the filing date of an action in one court and the filing date of the same action in a different court if the claim or claims are dismissed because of a lack of jurisdiction *and* the second action is filed with sixty days of the dismissal. TEX. CIV. PRAC. & REM. CODE ANN. § 16.064(a) (West 1985); *see also Vale v. Ryan*, 809 S.W.2d 324, 327 (Tex. App.–Austin, 1991, no writ) (holding that § 16.064 tolls the Texas state statute of limitations on any state law claim dismissed by a federal court declining to exercise its supplemental jurisdiction).

[6] To the extent that the motion may be liberally construed as a motion for leave to amend or supplement his complaint to assert these claims, the motion is also subject to denial for the same reasons as his motion to have the Court exercise jurisdiction over the claims.

[7] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED this 25th day of November, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE